**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.:

GVA GROUP, INC.

  vs.

UNITED PARCEL SERVICE GENERAL SERVICES CO..

_____/

## COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, GVA GROUP, INC. ("GVA") sues Defendant, UNITED PARCEL SERVICE GENERAL SERVICES

CO. ("UPS") and states as follows:

## PARTIES

1.      GVA is a corporation with a principle place of business in 1100 Brickell Bay Dr 54M

Miami, FL 33131.

2.      UPS is a Delaware corporation with its principle place of business in 55 Glenlake

Parkway NE  Atlanta, GA 30328. UPS maintains a registered agent in the State of Florida, which is

CORPORATION SERVICE COMPANY 1201 HAYS STREET TALLAHASSEE, FL 32301

## JURISDICTION AND VENUE

3.    Jurisdictions is proper because this is a claim for damages in excess of $75,000.00,

excluding interests, costs, and attorney's fees, with the parties being foreign and diverse

from one another .

4.    Venue is properly laid in the Southern District of Florida because all acts and omissions

stem from events that occurred in Miami, Florida.

1

**FACTS AND ALLEGATIONS**

5.   Plaintiff is in the business of shipping hair extensions, wigs, and other beauty products.

6.   Plaintiff shipped various products from the United States to Belgium, including a device known as a hair keratin machine. The tracking number for this shipment was 1Z7861WE6794485109. The item arrived damaged.

7.   To make matters worse, Plaintiff sent another box of goods through UPS to Italy. The tracking number was 1Z7861WE6737314258, and the value of the goods was $78,728.15. Since April, Plaintiff's corporate representative made over 100 calls to UPS, and nobody could find his package.

8.   During one of those calls, UPS acknowledged that it lost the package. However, in writing, UPS sent a letter claiming: The package in question was not listed on your UPS pick-up record.

9.   Not only did Plaintiff lose the value of the goods, but also lost business in the amount of $52,184.00. This will be demonstrated throughout the discovery process. Essentially, these products were meant to be used at a demonstration at Cosmoprof Bologna 2022. Since the goods were not delivered, Plaintiff could not hold the exhibition, and the distributor in Italy broke the joint venture agreement as there was nothing to sell.

10.  To make matters worse, and not to be outdone, UPS proceeds to lose three more boxes of goods, with tracking numbers: 1Z7J80KT6720022618, 1Z7J85YT6720006614, 1Z7861WE6728326002.

11.  In total, including the loss of business, Plaintiff lost $243,792.90.

12.  All conditions precedent were complied with before the filing of this lawsuit.

**ISSUES PERTAINING TO THE FEDERAL AIRLINE DEREGULATION ACT OF 1978**

13. The Federal Airline Deregulation Act of 1978, 49 U.S.C. § 1371, typically greatly limits the liability of a common carrier such as UPS from liability. However, that does not apply if a carrier conceals and attempts to deny the nature and scope of its employees' wrongdoing, limitations of liability do not necessarily foreclose all claims. See North Cypress Medical Center Operating Co. Ltd v. Fedex Corp., et al., 892 F.Supp.2d 861, 868 (S.D. Tex. 2012). In addition, several cases have held that the ADA's preemption, and thus FedEx's limitation of liability, do not apply in cases of intentional misconduct. See T.B.I. Industrial Corp. v. Emery Worldwide, 900 F. Supp. 687, 693-94, (S.D.N.Y.1995) citing U.S. Gold Corp. v. Federal Express Corp., 719 F. Supp. 1217, 1225-26 (S.D.N.Y.1989); See also *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016).

14. In our case, UPS concealed and denied that the packages were ever lost. In once instance, Plaintiff called UPS over 100 times, only to be given absolutely no answer. Ultimately UPS Rejected the Claim. See Exhibit A and B.

15. In another instance, UPS actively concealed the fact that they damaged boxes, and lost other boxes. Moreover, in another instance, UPS admitted to losing the boxes, and promised a claim form over the phone, only for any allegation of loss dismissed in writing.

16. As such, not only did UPS conceal this, what appears to be, targeting Plaintiff's packages, but UPS has caused intentional misconduct in losing these packages and equipment that was contained within the packages.

## COUNT I – INTENTIONAL BREACH OF CONTRACT

17. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

18. Plaintiff and Defendant entered into a valid and enforceable written agreement requiring Plaintiffs provision of safeguarding, packaging, transportation and delivery services in consideration of Defendant's payment for such service

19. Plaintiff fully performed all his obligations above-described agreement. However, Defendant failed to safeguard, package and transport the items as promised, losing or misplacing several goods and other items.

20. By reason of Defendant's material breach and/ or wrongful repudiation of its obligation under the above-described agreement, Plaintiffs owed and has sustained damages, and is entitled to judgment against Defendant, in the amount of $243,792.90, together with interest, costs and attorneys' fees, no part of which has been paid, although duly demanded.

### COUNT II – CLAIM FOR NEGLIGENT BAILMENT

21. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in paragraphs 1-16, with the same force and effect as if the same were more fully set forth at length herein.

22. Additionally, and/or in the alternative, Defendant owed to Plaintiff a duty of reasonable care in safeguarding, packaging, transportation and delivery. Defendant owed to Plaintiff a duty of reasonable care in exercising control over, supervising, training and ,hiring employees, agents, vendors, contractors and employees in connection with the safeguarding, packaging, transporting and delivering Plaintiffs items

23. Defendant had exclusive control and possession of the items that Defendant ultimately lost.

24. Because Defendant held a bailment, Defendant is ultimately responsible for the items.

25. As a direct and proximate cause of Defendant's breach of its duty, Plaintiff suffered damages

### DEMAND

4

Plaintiff demands actual damages, interest, cost, and any amount this Court deems just and proper.


Respectfully submitted,


Trayber Raikhelson Law Group, PLLC.
2750 NE 185th Street
Suite 206
Aventura, FL 33180
Telephone:      305 990 1451
Primary Email: arlaw@raikhelsonlaw.com
Secondary email: a.raikhelson@icloud.com

/s/ Andre G. Raikhelson
Andre G. Raikhelson, Esq.
Bar Number: 123657


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th    day of January, 2023, the undersigned electronically filed the foregoing with the Clerk of the Courts by using the PACER  system. I further certify the PACER system will send a notice of electronic filing to all counsel of record.

*/s/ Andre G. Raikhelson*
Andre G. Raikhelson