UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-20061-CV-WILLIAMS

GVA GROUP, INC.,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on the Motion to Dismiss Plaintiff's First Amended Complaint (DE 24) ("***Motion***") filed by Defendant United Parcel Service, Inc. ("***UPS***" or "***Defendant***") to which Plaintiff GVA Group, Inc. ("***GVA***" or "***Plaintiff***") filed a response (DE 25) and Defendant filed a reply (DE 26). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

### I.   BACKGROUND

Plaintiff GVA is a registered Florida corporation in the business of shipping hair extensions, wigs, and other beauty products. (DE 23 at 1–2.) According to the four-page First Amended Complaint (DE 23), Plaintiff shipped five separate shipments of "various products," using Defendant UPS as its freight carrier. (*Id.* at 2.) The first shipment included, among other things, a device known as a hair keratin machine that GVA shipped from the United States to Belgium. (*Id.*) The second shipment contained various goods valued at $78,728.215 that GVA shipped from the United States to Italy. (*Id.*) The final three shipments included various goods that GVA shipped to an undisclosed location. (*Id.*) While Plaintiff fails to allege with any particularity or specificity the content, value

and dates of each shipment, Plaintiff does allege that UPS lost all five shipments during transportation. (*Id.*) As a result, GVA contends that it lost business and the value of all the goods included in each shipment, totaling approximately $243,792.90. (*Id.*)

On January 6, 2023, GVA filed this action against UPS. (DE 1.) After briefing on amending Plaintiff's original Complaint (DE 1) to add the proper defendant, on April 11, 2023, Plaintiff filed its First Amended Complaint (DE 23), alleging two causes of action for breach of contract ("**Count I**") and negligent bailment ("**Count II**"). (DE 23 at 3–5.) In response, UPS filed the instant Motion, arguing that the Plaintiff's claims are preempted by federal law and, as such, Count I and Count II should be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure ("**Rule 12(b)(6)**"). (DE 24.)

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint "does not need detailed factual allegations," it must provide "more than labels, and conclusions." *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted). Rule 12(b)(6) does not allow dismissal of a claim because a court anticipates "actual proof of those facts is impossible," but the "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545)*.*

In ruling on a 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw reasonable inferences in plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Although the court resolves all doubts or inferences in the plaintiff's favor, the plaintiff bears the burden to frame the complaint with sufficient facts to suggest that she is entitled to relief. *Twombly*, 550 U.S. at 556.

A complaint is subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cty. Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc), *abrogated on other grounds by Twombly*, 550 U.S. at 561–63.  Ordinary preemption is a substantive defense to a state law action on the basis of federal law and may be invoked in federal court as an affirmative defense to the allegations in a plaintiff's complaint. *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 (11th Cir. 2003).  While the existence of an affirmative defense does not generally support a motion to dismiss, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense so long as the affirmative defense is clear from looking at the face of the complaint.  *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984).

### III.   DISCUSSION

Reviewing Plaintiff's First Amended Complaint (DE 23), it is clear that Count I and Count II are preempted by federal law.  Plaintiff's claims are based on the loss and/or damage to its goods transported by UPS.  Though Plaintiff failed to allege the precise mode of transportation provided by UPS for each shipment, federal law exclusively governs a common carrier's liability for damaged or lost cargo and goods shipped

interstate or international. *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (2000) ("**Montreal Convention**") (a multinational treaty providing uniform rules for liability in international air carriage);[1] 49 U.S.C. § 14706 ("**Carmack Amendment**") (federal statute promulgating a uniform rule for carrier liability for common motor carriers and freight forwarders).[2] Accordingly, Plaintiff's state law claims are preempted by federal law and must be dismissed. *DHL Glob. Forwarding (China) Co. v. Lan Cargo, S.A.*, 2019 WL 13067929, *9 (S.D. Fla. June 17, 2019) (holding that the Montreal Convention controlled and preempted plaintiff's state law claims of breach of contract for loss of goods during carriage by air); *Grier v. Griffin Moving & Storage, Inc.*, 452 F. Supp. 3d 1325, 1331–32 (S.D. Fla. 2017) (citing *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002)) (holding that plaintiffs' state law claims for loss and damage to interstate shipments are preempted by the Carmack Amendment). Moreover, Plaintiff's bald, conclusory claims that UPS "caused intentional misconduct" and concealed and denied that the packages were lost does not present sufficient factual predicate to sustain its claims. *See Mlinar v. United Parcel Serv., Inc.*, 186 So.3d 997, 1004 (Fla. 2016) (discussing how only particular allegations illustrate liability by a freight carrier and its

---

[1] Article 18 of the Montreal Convention established liability for air carriers "in the event of the destruction or loss of, or damage to, cargo occurring during the carriage by air." Montreal Convention art. 18(1). Article 22 sets the limits on the amounts of carrier liability for "destruction, loss, damage, or delay of cargo." Montreal Convention art. 22(3).

[2] A civil action under the Carmack Amendment "may be brought against the carrier alleged to have caused the loss or damage." 49 U.S.C. § 14706(d)(2).

cohorts that bears a tangential relationship to the interstate shipment process and, as such, supports claims independent from the loss of goods during shipment).

Because the Court finds that Count I and Count II are preempted by the Montreal Convention and the Carmack Amendment, the Court will not address Defendant's alternative arguments that Plaintiff's claims are barred by the Airline Deregulation Act, 49 U.S.C. § 41713, the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501, the Parties' shipping contract or Florida's independent tort doctrine.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant United Parcel Service, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (DE 24) is **GRANTED.**

2. Plaintiff's First Amended Complaint (DE 23) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff is permitted to file its <u>final</u> complaint in this matter by filing a second amended complaint on or before <u>**November 9, 2023**</u>.

**DONE AND ORDERED** in Chambers in Miami, Florida on this <u>26th</u> day of October, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE